# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1148

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Charles Thomas Andreano, III, | * | District of Iowa. |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 21, 2005
Filed: August 10, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Charles Andreano III appeals the district court's[1] denial of his motion to dismiss based on 18 U.S.C. § 3161(j) of the Speedy Trial Act. Andreano also appeals the imposition of a six-level enhancement for possession of a sawed-off shotgun and the denial of his motion for a downward departure based on an overstated criminal history score. We affirm.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

## I

Andreano was arrested on April 25, 2003, at a Des Moines, Iowa, hotel. A search of his hotel room uncovered drugs, drug paraphernalia and ammunition for a shotgun. During an inventory search of Andreano's vehicle, police uncovered a sawed-off shotgun and a loaded .45-caliber handgun. Andreano was arrested and held on state drug charges.

On June 10, 2003, Andreano was indicted by a federal grand jury on charges of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Andreano filed motions to suppress the firearms and dismiss the indictment for violation of the Speedy Trial Act. The district court denied both motions. On August 11, 2004, pursuant to a conditional plea agreement, Andreano pleaded guilty to being a felon in possession of a firearm and the government dismissed the remaining count.

The plea agreement contained the following waiver:

### D. Limited Waiver of Appeal and § 2255

14. <u>Limited Waiver of Appeal Rights</u>. The defendant hereby knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges or to the Court's entry of Judgment against Defendant, and any and all issues inhering therein, **except** for the following:

> d.     The right to appeal the April   , [sic] 2004 District Court
> Ruling denying the Defendant's Motion to Suppress.[2]

Plea Agreement at 5.

On December 1, 2004, Andreano was sentenced to ninety-two months imprisonment with eighteen months credit for time served in state custody. At sentencing, the district court considered the sawed-off shotgun as relevant conduct and applied a six-level enhancement to his base offense level. The district court also denied Andreano's motion for a downward departure based on an overstated criminal history score.

## II

### A.     <u>Motion to Dismiss - Waiver</u>

Andreano first argues the district court erred by denying his motion to dismiss the charges because of a violation of the Speedy Trial Act. The government contends Andreano waived his right to appeal the denial. We agree.

As a general rule defendants are allowed to enter into plea agreements containing waivers of appellate rights. <u>United States v. Andis</u>, 333 F.3d 886, 889 (8th Cir. 2003). Plea agreements are essentially contracts between the defendant and government, but because of their unique nature are subject to special limitations. <u>Margalli-Olvera v. INS</u>, 43 F.3d 345, 351 (8th Cir. 1994). Therefore, "[a]pplication of these contract principles is tempered by the constitutional implications of a plea agreement." <u>Id.</u> For example, "[w]here a plea agreement is ambiguous, the ambiguities are construed against the government," <u>id.</u> at 353, because "these

---

[2]Andreano has not appealed the denial of his motion to suppress.

agreements are normally drafted by the Government and involve significant rights of a defendant. As such, the burden of proof is on the Government to demonstrate that a plea agreement clearly and unambiguously waives a defendant's right to appeal," Andis, 333 F.3d at 890.

Andreano's plea agreement contained a broadly-worded waiver reserving only his right to appeal the denial of the motion to suppress. Nonetheless, he argues the plain language of the plea agreement does not support the government's waiver argument. Rather, Andreano contends the plain language of the exception includes both the suppression motion and the motion to dismiss. Alternatively, he argues the language of the plea agreement is at least ambiguous because the April 27, 2004, order discusses both the motion to suppress and the motion to dismiss, and the plea agreement should be construed as referring to all issues discussed in the order.

We find the plea agreement language clear and unambiguous. The exception refers only to the motion to suppress - not the district court's order generally. The only reasonable interpretation of the waiver is it excepted the motion to suppress but included the motion to dismiss. Accordingly, we reject Andreano's arguments.

B.     Sentencing - The Shotgun as Relevant Conduct

Andreano next argues it was improper for the district court to consider the shotgun as relevant conduct for sentencing purposes. Andreano points out the government agreed to dismiss Count II of the indictment (relating to the shotgun) in return for a plea of guilty to Count I (relating to the handgun). According to him, the dismissal of Count II eliminated all consideration of the shotgun from the sentencing process. He argues: "Permitting a dismissed count to re-enter the sentencing equation as relevant conduct does an end-run around Andreano's bargain with the Government. To permit uncharged conduct to effect such a substantial increase in Andreano's sentence through the relevant conduct backdoor under U.S.S.G. § 1B1.3 is

unreasonable." Appellant's Br. at 12-13. Andreano acknowledges his argument is foreclosed by our earlier cases holding conduct comprising a dismissed count may be used as relevant conduct for sentencing purposes under United States Sentencing Guidelines § 1B1.3. See, e.g., United States v. Cave, 293 F.3d 1077, 1080 (8th Cir. 2002). Nevertheless, he posits United States v. Booker, 125 S. Ct. 738 (2005), may lead us to reconsider whether conduct comprising a dismissed count should be considered for sentencing purposes.

We find nothing in Booker to foreshadow the change advocated by Andreano. Following Booker, district courts "must consult those Guidelines and take them into account when sentencing," id. at 757, 767, and we continue to review the district court's application of the guidelines de novo, United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005). Applying these standards, we find no error in the district court's imposition of the six-level enhancement.

C.    Sentencing - Overstated Criminal History

Andreano next argues his criminal history score was overstated and the district court erred in denying a downward departure under U.S.S.G. § 4A1.3. He contends his criminal history is largely comprised of minor offenses making it significantly less serious than most defendants in the same criminal history category, and because the district court misinterpreted United States v. Hutman, 339 F.3d 773 (8th Cir. 2003) (holding "a downward departure . . . may be appropriate for a relatively young defendant with a brief criminal career"), it failed to recognize its authority to depart.

The discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart. United States v. Kelly, 329 F.3d 624, 630 (8th Cir. 2003). Here, the district court made clear it did not consider Andreano deserving of a downward departure. Andreano was assigned twenty-four criminal history points, putting him in criminal history category VI. The district court

observed that if it subtracted the criminal history points assigned to the series of minor crimes, Andreano still had fifteen points leaving him in category VI. From this, we conclude the district court recognized its authority to depart but determined a discretionary departure was unwarranted.

D.    Sentencing - Mandatory/Advisory Guidelines

Andreano's final argument is the district court committed plain error by sentencing him under a mandatory rather than advisory guidelines scheme.

In United States v. Pirani, 406 F.3d 543, 552-53 (8th Cir. 2005) (en banc), we held for a defendant to satisfy the plain error test he "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Andreano argues he has met the plain error test because he was sentenced at the bottom of the guidelines range. This argument was laid to rest by Pirani, which held a sentence "at the bottom of the range . . . is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Id. at 553. Accordingly, we find no plain error.

III

The judgment of the district court is affirmed.

_____