# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 05-1644

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
    v.                             *
                                   *
Patrick Allen Vasquez, also known  *
as Benji Vasquez,                  *
                                   *
          Appellant.               *


_____

No. 05-1812

_____

Appeals from the United States
District Court for the
Northern District of Iowa.

United States of America,          *
                                   *
          Appellee,                *
                                   *
    v.                             *
                                   *
Dani Yaacoub Masse,                *
                                   *
          Appellant.               *

_____

Submitted: December 14, 2005
Filed: January 11, 2006
_____

Before BYE, BOWMAN and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Dani Yaacoub Masse ("Masse") and Patrick Allen Vasquez ("Vasquez") pled guilty to conspiracy to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. The district court[1] sentenced Masse to 151 months' imprisonment and five years' supervised release and Vasquez to 135 months' imprisonment and five years' supervised release. Masse appeals his sentence on the grounds that the Government breached his plea agreement, the district court applied the wrong standard of proof at sentencing, and the district court erred regarding certain sentencing adjustments and departures. Both defendants appeal their sentences as unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). For the reasons discussed below, we affirm both sentences.

## I.    BACKGROUND

Masse and Vasquez pled guilty pursuant to written plea agreements and were sentenced in separate post-*Booker* sentencing hearings. At Vasquez's hearing, the district court calculated a United States Sentencing Guidelines range of 135-168 months' imprisonment and imposed a sentence of 135 months. At Masse's hearing,

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

the district court calculated a guidelines range of 151-188 months and imposed a sentence of 151 months.

In Masse's plea agreement, Masse stipulated that certain co-conspirators made statements about his involvement in the conspiracy but added handwritten amendments that he did not stipulate to the veracity of these statements. His plea agreement also contained the following provision:

> [A]s of the date of this agreement, [Masse] appears to qualify for a two-level downward adjustment for acceptance of responsibility . . . . However, the government shall be free to contest this adjustment should [Masse] subsequently fail to continue to accept responsibility . . . by acting in a way that is inconsistent with . . . the granting of the adjustment under USSG § 3E1.1(a).

Prior to Masse's sentencing hearing, Masse objected to certain offense-conduct paragraphs in his Presentence Investigation Report ("PSR") which were identical to the aforementioned stipulations as modified by the handwritten amendments.

The Government responded to Masse's objections in its sentencing memorandum. In Part B of the memorandum, captioned "Defendant should not be entitled to a three-level reduction for acceptance of responsibility if he continues to frivolously contest facts," the Government contended that Masse "lodged numerous objections to the factual section of the PSR" and warned that "if defendant frivolously contests relevant conduct at the time of his sentencing hearing, the United States will ask that the Court deny a downward adjustment for acceptance of responsibility."

In response to this memorandum, Masse filed a motion for specific performance of the plea agreement, requesting that the district court order the Government not to oppose a downward adjustment for acceptance of responsibility. In that motion,

Masse argued that the Government breached the plea agreement in its sentencing memorandum because the memorandum contained an impermissible argument against his downward adjustment for acceptance of responsibility.

The district court addressed Masse's motion at the onset of his sentencing hearing. When the court asked the Government if it was "intending to resist the Defendant receiving adjustment of responsibility," the Government indicated, "we are not . . . [but] if the Defendant contests relevant conduct, we will be." The Government also explained that, after speaking with Masse's attorney, it now understood Masse's objections to be legal arguments instead of denials of relevant conduct. The district court proceeded to deny Masse's motion because the court did not believe that the Government was in breach of the plea agreement. Just prior to the district court's imposition of sentence, the Government told the district court that Masse is "eligible for acceptance of responsibility," and the district court granted Masse a three-level downward adjustment for acceptance of responsibility.

## II.    DISCUSSION

### A.    Breach of Masse's Plea Agreement

Masse argues that he should be resentenced because the Government breached his plea agreement by contesting his adjustment for acceptance of responsibility. We review de novo issues pertaining to the interpretation and enforcement of a plea agreement. *United States v. Has No Horses*, 261 F.3d 744, 750 (8th Cir. 2001).

We conclude that the Government did not breach the plea agreement because the Government never contested the adjustment for acceptance of responsibility. In Masse's plea agreement, the Government agreed that it would not contest this adjustment provided that Masse did not act in a manner inconsistent with acceptance of responsibility. Masse argues that the Government contested this adjustment in its

sentencing memorandum. This argument, however, is factually inaccurate. The Government never contested the adjustment–it simply reiterated the terms of the plea agreement consistent with the commentary to the guidelines. *See* U.S.S.G. § 3E1.1, cmt. n.1(a) ("a defendant who . . . frivolously contests . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"). The Government's sentencing memorandum stated, "[*I*]*f* defendant frivolously contests relevant conduct at the time of his sentencing hearing, the United States will ask that the Court deny a downward adjustment for acceptance of responsibility" (emphasis added). At the sentencing hearing, the Government indicated that it was not resisting the adjustment because it understood Masse's objections to the PSR to be legal in nature but that it would resist the adjustment *if* Masse contested relevant conduct. After the district court denied Masse's motion for specific performance, Masse did not contest relevant conduct, the Government affirmed that Masse accepted responsibility and even recommended an extra level of reduction under U.S.S.G. § 3E1.1(b), and Vasquez received a three-level downward adjustment for acceptance of responsibility. We agree with the district court that the Government did not breach the plea agreement.

## B.    Standard of Proof

Masse argues that the district court erred in requiring proof of sentencing enhancements by a preponderance of the evidence instead of requiring proof beyond a reasonable doubt. "This claim has been squarely rejected by our circuit." *United States v. McKay*, No. 05-1823, slip op. at 14 (8th Cir. Dec. 13, 2005). We have held that, post-*Booker*, sentencing courts should continue to apply a preponderance of the evidence standard. *See, e.g.*, *United States v. Pirani*, 406 F.3d 543, 552 n.4 (8th Cir. 2005) (en banc).

## C. Sentencing Issues

Masse argues that the district court erred in adjusting his sentence upward three levels for his role in the offense and declining to depart downward for substantial assistance and overstated criminal history. After *Booker*, we review de novo the interpretation and application of the guidelines, and we review the district court's factual findings for clear error. *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005).

First, the district court did not err in increasing Masse's offense level by three levels for his role in the offense. *See* U.S.S.G. § 3B1.1(b) (requiring the district court to increase a defendant's offense level by three levels if the defendant was a "manager or supervisor" in a criminal activity involving five or more participants). Masse argues that his role did not warrant a three-level upward adjustment and that the district court should have considered a lesser adjustment "in between" the guidelines parameters. This argument is misplaced. The district court did not clearly err in finding that Masse was a manager or supervisor in this conspiracy because there was sufficient evidence to establish that Masse organized the transmission of cocaine from Nevada to Iowa by at least four other people and that there were at least five participants in the conspiracy. *See, e.g.*, *United States v. Lopez*, 431 F.3d 313, 317 (8th Cir. 2005) (explaining that a § 3B1.1(b) adjustment is appropriate when a defendant directs at least one other participant in a conspiracy involving at least five people). Therefore, the district court did not err in adjusting his sentence by three levels. *See United States v. Scott*, 243 F.3d 1103, 1108 (8th Cir. 2001) (holding that, if a three-level adjustment under § 3B1.1(b) is appropriate, the district court cannot impose a two-level adjustment under § 3B1.1(c) as a compromise).

Second, the district court did not err in declining to depart downward for substantial assistance because the Government did not make a motion for such a departure. *See* U.S.S.G. § 5K1.1 ("Upon motion of the government . . . the court may

depart from the guidelines."); *United States v. Hart*, 397 F.3d 643, 646-47 (8th Cir. 2005) (holding that the district court did not err when it refused to compel the government to file a § 5K1.1 motion); *cf. United States v. Ziesman*, 409 F.3d 941, 957 (8th Cir. 2005) (affirming that, post-*Booker*, district courts can only review the Government's refusal to make a § 5K1.1 motion if the refusal was based on an unconstitutional motive or was not rationally related to a legitimate government interest). Masse has never argued that the Government's refusal to make a § 5K1.1 motion was based on an unconstitutional motive or was not rationally related to a legitimate government interest. Therefore, the district court could not consider a § 5K1.1 departure.

Third, we cannot review whether the district court erred in declining to exercise its discretion to depart downward for overstated criminal history. *See* U.S.S.G. § 4A1.3(b)(1) ("If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history . . . a downward departure *may* be warranted.") (emphasis added). "The discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart." *United States v. Andreano*, 417 F.3d 967, 970 (8th Cir. 2005). The district court recognized its authority to depart downward under § 4A1.3 and declined to do so. Therefore, we cannot review the district court's decision.

### D.    Reasonableness of Defendants' Sentences

Masse and Vasquez appeal sentences at the bottom of their respective guidelines ranges as unreasonable. We review the reasonableness of a sentence for an abuse of discretion. *See United States v. Dalton*, 404 F.3d 1029, 1032 (8th Cir. 2005). Sentences within the guidelines are "presumptively reasonable." *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir.2005). Nevertheless, a sentence within an advisory guidelines range may be unreasonable if the sentencing court: (1) fails to

consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment. *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

### 1.    Masse's Sentence

Masse's sentence is reasonable because the district court imposed a sentence within the advisory guidelines range pursuant to an explicit and appropriate consideration of the factors under 18 U.S.C. § 3553(a).  *See Lincoln*, 413 F.3d at 717 (holding that defendant failed to rebut the presumption of reasonableness where the district court expressly justified the sentence on grounds contained in § 3553(a)). Masse argues that the district court abused its discretion under § 3553(a) by failing to consider his attempts to cooperate and by giving too much weight to his role in the offense and his criminal history.  These arguments fail because the district court considered all of the § 3553(a) factors.  Regarding Masse's attempts to cooperate, role in the offense and criminal history, the district court explained, "[S]pecifically, I considered . . . what I heard in court . . . on the issue of nature and circumstances of the offense and history and characteristics of the defendant."  Therefore, the district court did not abuse its discretion by refusing to use § 3553(a) to modify its rulings on sentencing adjustments and departures contained in its calculation of Masse's presumptively reasonable guidelines range.

### 2.    Vasquez's Sentence

Vasquez argues that his 135-month sentence was unreasonable because the district court failed to consider the relevant factor of avoiding unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a)(6) (explaining "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").  A co-defendant, Dori Masse (Dani Masse's brother),

received 31 months' imprisonment for similar conduct. Vasquez's sentence is reasonable, however, because the disparity in this case is not unwarranted. Vasquez received a greater sentence than Dori Masse because Vasquez was responsible for a larger quantity of drugs and had a greater criminal history than Dori Masse. *See United States v. Chauncey*, 420 F.3d 864, 878 (8th Cir. 2005) (holding that defendant's sentence was reasonable despite his co-defendant's shorter sentence because defendant had a more significant criminal history than his co-defendant).

Vasquez also argues more generally that his sentence is unreasonable because it frustrates the goal of eliminating sentencing disparities among similarly situated defendants in different cases. In particular, he complains about the randomness of determining offense levels, the "systematic inequity" regarding substantial assistance reductions, and the arbitrariness in calculating criminal history. We do not believe, however, that these arguments affect the reasonableness of Vasquez's sentence, which falls within the presumptively reasonable guidelines range and was imposed after the district court announced its consideration of all the § 3553(a) factors. *See Lincoln*, 413 F.3d at 717.

## III.   CONCLUSION

For the reasons discussed above, we affirm the sentences of both defendants.

_____