# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2708

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Jessie J. Reams, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2006
Filed: February 21, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

After Jessie J. Reams threatened his roommate with a gun, police arrived and found the gun in Reams's pocket. Reams later pleaded guilty to being a felon in possession of a firearm. Before sentencing, Reams filed a memorandum about the presentence report (PSR) attaching a handwritten letter from his roommate, Keith Leeper, explaining the circumstances of Reams's possession. Reams also filed a motion seeking to subpoena recordings of jailhouse telephone conversations between himself and Leeper, and to present oral testimony at sentencing. The district court[*]

_____

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

issued an order stating it would not preclude Reams from presenting testimony about the incident if he contended the facts and circumstances surrounding the incident were relevant to sentencing. The court also stated, however, that Reams had not shown cause for the issuance of any subpoena. During the sentencing hearing, the court admitted all proffered exhibits. At the hearing's conclusion, the court observed, "While the circumstances of the defendant's possession of the firearm are somewhat different than the average case that we may see in court, I can't say that the possession is less serious than the average case that we see in court." The court then sentenced Reams within the applicable Guidelines range to thirty months in prison and three years of supervised release.

On appeal, Reams contends the district court committed error by denying his subpoena request. Reams sought to obtain the recording to show the circumstances surrounding his firearm possession. The recording was cumulative, however, because the district court had received Leeper's letter into evidence and the circumstances surrounding Reams's possession were essentially unchallenged. See United States v. Wyman, 724 F.3d 684, 687 (8th Cir. 1984) (court may properly deny subpoena seeking cumulative evidence). Thus, the district court did not abuse its discretion in denying a subpoena.

Reams also argues his post-Booker sentence is unreasonable. United States v. Booker, 543 U.S. 220 (2005). We disagree. The court determined the applicable advisory Guidelines range, considered and denied Reams's motion for a downward departure from the range, and imposed a sentence within the Guidelines range after considering all the factors in 18 U.S.C. § 3553(a). See United States v. Vasquez, No. 05-1644, 2006 WL 47514, at * 4 (8th Cir. Jan. 11, 2006). The court considered the circumstances surrounding Reams's offense, as Ream desired, but concluded the circumstances did not warrant lenity. Reams's sentence is not unreasonable. See id.

We thus affirm Reams's sentence.

_____