# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4061

_____

United States of America,

        Appellee,

v.

Robert McFarland,

        Appellant.

\*
\*
\*
\*  Appeal From the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: June 15, 2006
Filed: July 7, 2006

_____

Before SMITH, HEANEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Robert Allan McFarland pled guilty to one count of conspiracy to commit bank fraud. He was sentenced to eighteen months of imprisonment, to be followed by three years of supervised release. On appeal, McFarland argues that the district court[1] erred by refusing to grant him a downward departure because his criminal history was overstated, and imposed an unreasonable sentence. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

# BACKGROUND

The conspiracy in this case involved a scheme to defraud financial institutions by cashing checks drawn on fictitious accounts. In order to further the conspiracy, McFarland obtained a driver's license using the name of a coconspirator's minor son. Another coconspirator then wrote a check from a fictitious account with McFarland's alias as the payee. McFarland then cashed the check using his false identification.

On March 24, 2005, McFarland was charged by indictment with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371 and 1344, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Pursuant to a plea agreement, McFarland agreed to plead guilty to the conspiracy offense and to cooperate against his coconspirators. In turn, the government agreed to dismiss the charge of aggravated identity theft, which would have carried an additional twenty-four month consecutive prison term. 18 U.S.C. § 1028A(a), (b).

Prior to sentencing, a presentence report (PSR) was prepared. It recommended an adjusted offense level of 10, and determined McFarland's criminal history category as VI, for a resulting guidelines range of twenty-four to thirty months of imprisonment. Both McFarland and the government objected to the PSR's failure to grant McFarland a two-level reduction in recognition of his minor role in the offense. See USSG § 3B1.2. The district court sustained the objection, for a resulting offense level of 8 and guidelines range of eighteen to twenty-four months. McFarland also objected to his placement in criminal history category VI, arguing that it overstated his actual criminal record. The court treated this as a motion for a downward departure pursuant to United States Sentencing Guidelines section 4A1.3, and denied the motion. With a guidelines range of eighteen to twenty-four months, McFarland was sentenced to eighteen months of imprisonment, to be followed by three years of supervised release.

## ANALYSIS

On appeal, McFarland advances two claims related to his sentence: that the district court erred in failing to grant him a downward departure, and that the court's resulting sentence was unreasonable.

As to the first point, it is true that a district court may depart from the defendant's correctly calculated criminal history category if the court finds that category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b)(1). Where the district court recognizes its authority to depart under this guidelines section but fails to grant a departure, this "discretionary decision" is generally unreviewable on appeal. United States v. Andreano, 417 F.3d 967, 970 (8th Cir. 2005). In its tentative findings, the district court clearly recognized its authority to depart, citing section 4A1.3. It simply chose not to, citing McFarland's lengthy and consistent criminal history, which stretched back to when he was only nine years old. We find no error here.

McFarland next asserts that his sentence is unreasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a). "Generally, a sentence is presumed reasonable when the district court properly considers the defendant's circumstances, the factors listed in § 3553(a), and the advisory guidelines range when determining the sentence." United States v. Swehla, 442 F.3d 1143, 1145 (8th Cir. 2006); see also United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (a sentence is unreasonable if it appears the court gave significant weight to an improper factor, failed to fully consider an appropriate factor, or otherwise made a clear error of judgment). Our circuit has held, however, that a sentence within the correctly calculated guidelines range is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2006).

Having reviewed the record carefully, we have found nothing mandating reversal of McFarland's sentence. McFarland's argument to this court mirrors the argument he made below: that his sentence ought to have been shorter because his criminal history consisted of relatively minor offenses. McFarland's record, however, indicates a steady string of criminal activity beginning at a very young age and continuing without significant interruption until the instant offense. While some of his convictions involved relatively minor offenses, others indicated assaultive conduct, theft, receiving stolen property, and forgery. Given his history, his argument that he was entitled to a sentence below his guidelines range is simply without merit. We note, moreover, that the district court explicitly considered other § 3553(a) factors in imposing sentence, such as the need for McFarland to receive treatment for his chemical dependency.

## CONCLUSION

McFarland challenges his eighteen-month sentence, arguing that the district court erred in not imposing a lesser term. We find no such error and thus affirm the district court.

_____