# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4370

_____

United States of America,           *
           *

         Appellee,      *
           *  Appeal from the United States
    v.               *  District Court for the
           *  Northern District of Iowa.
Michael Washington,       *
           *

        Appellant.     *

_____

Submitted: September 28, 2006
Filed: November 8, 2006

_____

Before RILEY and COLLOTON, Circuit Judges, and KYLE, District Judge.[1]

_____

RILEY, Circuit Judge.

Michael Washington (Washington) appeals his sentence of 168 months' imprisonment, arguing the district court[2] erred in denying his motion for downward departure. Finding no error, we affirm.

## I. BACKGROUND

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Washington pled guilty to managing or controlling property for the purpose of storing, distributing, and using a controlled substance, specifically cocaine base, in violation of 21 U.S.C. § 856(a)(2), (b). Before sentencing, Washington filed a motion for downward departure based on an extraordinary physical impairment and an overstated criminal history, pursuant to U.S.S.G. §§ 5H1.4 and 4A1.3(b)(1).

Washington first argued it was unclear whether the Bureau of Prisons (BOP) could care for his medical needs, most of which related to Washington's morbid obesity–Washington weighed approximately 800 pounds at the time of his arrest, but was down to 574 pounds at the time of his sentencing. Washington's other medical conditions include hypertension, seizures, migraine headaches, and mild mental retardation.

The district court submitted Washington's medical documentation to the BOP to determine whether the BOP could meet Washington's medical needs. The BOP's Regional Health Systems Administrator concluded:

> Based on the provided information, I conclude the BOP has the necessary staff and resources to properly manage Mr. Washington's medical needs. His conditions (individually or in combination) are not uncommon among our inmate population. If sentenced to a period of incarceration, Mr. Washington will be carefully assessed for assignment to the appropriate BOP care level (1-4). His care level, custody level, and security level will determine the institution to which he is designated.

During his sentencing hearing, Washington moved for a continuance because Dr. Mark Louviere (Dr. Louviere), a family practitioner who reviewed Washington's medical records, was unavailable to testify. The district court allowed Washington to make a proffer of Dr. Louviere's testimony, but denied the motion to continue

-2-

concluding, "even if [Dr. Louviere] were to tell me everything that you told me, it still would not change my mind that this sentencing needs to go forward."

Washington next argued his criminal history was overstated pointing out that twelve of his fifteen criminal history points were assessed for driving offenses. Washington contended his driving behavior did not correlate with recidivism in other criminal behavior or indicate a criminal livelihood.[3]

After considering the arguments and exhibits presented by the parties, the district court denied Washington's motion for downward departure. Based on a total offense level of 30 and a criminal history category of VI, the district court calculated an advisory Guidelines range of 168 to 210 months' imprisonment. The district court then sentenced Washington to 168 months' imprisonment, reasoning a sentence at the bottom of the Guidelines range satisfied all of the factors set forth in 18 U.S.C. § 3553(a) and therefore was reasonable. This appeal followed.

## II. DISCUSSION

The discretionary denial of a downward departure under sections 5H1.4 and 4A1.3 is unreviewable unless the district court failed to recognize its authority to depart. United States v. Andreano, 417 F.3d 967, 970 (8th Cir. 2005) (citation omitted), cert. denied, 126 S. Ct. 1118 (2006); United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000).

---

[3]Washington also contested two criminal history points assessed pursuant to section 4A1.1(c). Washington accumulated seven criminal history points under section 4A1.1(c), but the maximum point assessment allowed under section 4A1.1(c) is four points. See U.S.S.G. § 4A1.1(c). Because the exclusion of the two contested points would not change Washington's criminal history computation, the resolution of these issues is unnecessary.

## A. Extraordinary Physical Impairment

Washington first contends the district court abused its discretion in determining his health concerns did not merit a downward departure. Washington argues the district court, at a minimum, should have heard additional evidence before making its determination.

As an initial matter, we find the district court did not abuse its discretion in refusing to continue Washington's sentencing hearing due to the unavailability of Dr. Louviere. See United States v. Thurmon, 368 F.3d 848, 851 (8th Cir. 2004) ("We will reverse a district court's decision to deny a motion for continuance only if the court abused its discretion and the moving party was prejudiced by the denial." (quotation omitted)). By the morning of his sentencing hearing, Washington had already been granted four continuances. The pivotal issue at sentencing was whether the BOP could manage Washington's medical condition. The district court submitted that question to the BOP's Regional Health Systems Administrator, who answered in the affirmative. The district court indicated it reviewed Washington's ample medical records and accepted Washington's proffer as to what Dr. Louviere would say if called to testify. Because the BOP was better situated than Dr. Louviere to determine its own ability to manage Washington's medical condition, Washington's inability to present Dr. Louviere's live testimony did not prejudice Washington.

As to Washington's motion for downward departure based on an extraordinary physical condition, the district court recognized its discretionary authority to grant a departure under section 5H1.4, stating that while "the physical condition of a defendant under the advisory guidelines is not ordinarily relevant . . . an extraordinary physical ailment may take a case out of the heartland of cases such that departure is appropriate." In determining whether Washington's condition qualified as an extraordinary physical ailment, the district court reviewed Washington's medical records, including those records relating to his morbid obesity, and acknowledged Washington's multiple medical problems. The district court took into account the

section 5H1.4 factors, and questioned whether Washington's "condition is such that he would find imprisonment more than the normal hardship; whether imprisonment would subject [Washington] to more than normal inconvenience or danger; [and] third, whether [Washington's] physical condition has any substantial present effect on his ability to function." The district court then determined (1) Washington was mobile at the time of his arrest despite weighing 800 pounds, and continued to be mobile at the time of his sentencing at his then-weight of 574 pounds; (2) Washington could walk, ride in a car, and go about his daily business; and (3) the BOP's letter verified the BOP's ability to manage Washington's medical conditions and assured the court the BOP would notify the court if a problem occurred. The district court concluded it was more likely Washington would "receive better medical management in the BOP because they'll make sure that he's compliant with the doctor's orders." The district court did not abuse its discretion.

## B. Criminal History

Washington also contends the district court erred in failing to grant his motion for downward departure based on an overstated criminal history. We disagree. The district court acknowledged its discretion under section 4A1.3(b)(1) to grant a downward departure for overstated criminal history "where the facts support it," but determined Washington "has not proved . . . he is entitled to this departure or variance." While the district court recognized most of Washington's criminal history points were based on driving offenses, the district court reasoned that by repeatedly driving a vehicle without a valid license, Washington demonstrated "his disrespect for the law, his incorrigibility, and his likely recidivism." The district court further noted Washington's criminal history also displayed convictions for other types of more serious offenses, and concluded Washington's "criminal history is not outside the heartland of cases such that a departure is warranted." The district court concluded, although it had the authority to depart downward, the facts did not support such a departure.

## III.    CONCLUSION

On this record, we find the district court clearly recognized its discretionary authority to depart under sections 5H1.4 and 4A1.3(b)(1), but declined to do so. Accordingly, the district court's denial of the downward departure is unreviewable. Washington does not argue, nor do we find, Washington's sentence, which is within the advisory Guidelines range, is unreasonable.  See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005) (holding a sentence within the advisory Guidelines range is presumptively reasonable).

For the reasons stated, we affirm Washington's sentence.
_____