# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4222

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Eastern
　　　　　　　　　　　　　　　　　　　*　District of Missouri.
Donrico Humphrey,　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　Appellant.　　　　　　　　*

_____

Submitted: September 26, 2006
Filed: November 13, 2006

_____

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Donrico Humphrey appeals his conviction and sentence for conspiracy to commit wire fraud. Humphrey contends the district court[1] erred by denying his motion to acquit at the close of the evidence and improperly determined his 135-month sentence. We affirm the judgment of the district court.

Humphrey first argues there was insufficient evidence to find him guilty of what he characterizes as two of three "distinct schemes" included in the conspiracy

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

count. "We review de novo the district court's denial of a motion to acquit for lack of sufficient evidence" and "must affirm if there is substantial evidence to support the conviction, taking the evidence in the light most favorable to the government." United States v. Blakey, 449 F.3d 866, 868-69 (8th Cir. 2006). Because Humphrey did not present a multiple conspiracy instruction or object to the single conspiracy instruction given, the district court's failure to give a multiple conspiracy instruction is reviewed for plain error. United States v. Townsley, 843 F.2d 1070, 1082 (8th Cir. 1988).

The indictment alleged the conspirators set up three fictitious companies—All-American Tire and Wheels, Ultimate Performance Wheels and Accessories (UPWA), and Ultimate Tire and Wheels (UTW)—solely for the purpose of defrauding credit card companies. Humphrey was the architect of the All-American Tire and Wheels scheme and this scheme was the progenitor and model for defrauding the credit card companies in the other two schemes. His source for stolen credit card numbers was used for all three schemes. In addition, Humphrey instructed two of the participants in the UPWA and UTW schemes on how to defraud the credit card companies.

The All-American scheme involved three co-conspirators in addition to Humphrey with an intended loss of more than $100,000. The UPWA scheme involved at least five co-conspirators in addition to Humphrey with an intended loss of more than $100,000. The UTW scheme involved four co-conspirators but fell apart quickly and involved a relatively small loss. Humphrey contends the proof at trial did not show he participated in either the UPWA or UTW schemes. Humphrey points to the testimony of co-conspirator Dominique Bourn in support of his argument. Bourn testified Humphrey was not involved in the UPWA and UTW schemes. Another co-conspirator, however, Mitchell Green, testified Humphrey was involved in the UPWA scheme. A detective also testified that Humphrey admitted instructing participants in the UPWA and UTW scheme in conducting the credit card fraud. Whether the jury believed Bourn or Green was the province of the jury and is

not subject to review. United States v. Wilkerson, 691 F.2d 425, 427 (8th Cir. 1982) (per curiam). Given the above evidence, the district court's failure to give a multiple conspiracy instruction was not plain error and, after a de novo review, we find there was substantial evidence to support the conviction, taking the evidence in the light most favorable to the government. Thus, the district court did not err in denying Humphrey's motion to acquit.

Humphrey also challenges the district court's application of the U.S. Sentencing Guidelines (U.S.S.G.). "On appeal of a sentence, we review de novo the district court's application of the sentencing guidelines and its factual findings for clear error." United States v. Davidson, 437 F.3d 737, 739-40 (8th Cir. 2006). First, Humphrey argues the district court erred in allocating the intended loss from the UPWA scheme to him, resulting in the addition of twelve levels to his base offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(G) (indicating a twelve-level increase is applied when the loss exceeds $200,000). Second, Humphrey argues the district court erred in identifying him as a leader of a conspiracy involving five or more participants because of his role in the All-American and UPWA schemes, resulting in the addition of another four levels to his base offense level pursuant to U.S.S.G. § 3B1.1. We find no clear error in the district court's determination that Humphrey was a participant in the UPWA scheme. Thus, no error occurred in attributing more than $200,000 to him or in finding he participated in a criminal offense involving five or more participants. Furthermore, the evidence at trial showed Humphrey put the conspiracy in motion, enabled it, and trained the prime actors who continued it. Therefore, the district court did not err in adding twelve levels to his base offense level for the more than $200,000 intended loss involved or in adding four levels for his leadership role in the criminal activity.

Finally, Humphrey contends his sentence was unreasonable because the district court gave undue weight to his role in the criminal activity and imposed a sentence disproportionate to two of his co-conspirators. Humphrey's sentence was within the

guideline range of 135-168 months and is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005). We find Humphrey has not rebutted this presumption. Further, Humphrey was not similarly situated to his co-conspirators because he was a leader in the criminal activity, had a higher criminal history score, did not plead guilty, and did not cooperate with the government. Thus, he was not entitled to a similar sentence. See, e.g., United States v. Scott, 448 F.3d 1040, 1045 (8th Cir. 2006) (finding sentence disparity was not unreasonable where one defendant was responsible for a greater portion of the criminal activity and was a leader of the conspiracy); United States v. Vasquez, 433 F.3d 666, 671 (8th Cir. 2006) (finding sentence disparities among co-defendants not unwarranted when defendants have different criminal histories).

Accordingly, we affirm.

_____