**UNITED STATES of America,**
**Appellee,**

v.

**James BETHEA, Defendant–Appellant.**

**No. 06–1409–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 15, 2006.

Louis R. Aidala, New York, NY, for Appellant.

Anirudh Bansal, Assistant United States Attorney, (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Honorable THOMAS J. MESKILL, Honorable RICHARD J. CARDAMONE, Honorable REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant James Bethea, who pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A) and 846, appeals his 262–month prison sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Preliminarily, we observe that we review challenged sentences for unreasonableness, *see United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621

(2005), both as to "the sentence itself" and "the procedures employed in arriving at the sentence," *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006); *see United States v. Crosby,* 397 F.3d 103, 114–15 (2d Cir.2005). We do not substitute our judgment for that of the sentencing judge; rather, our review "is akin to [that] for abuse of discretion." *United States v. Fernandez,* 443 F.3d at 27. Applying these principles to this case, we conclude that Bethea's sentence is both procedurally and substantively reasonable.

1. *Procedural Reasonableness*

   a. *Consideration of the § 3553(a) Factors*

■ Bethea challenges the procedural reasonableness of his sentence by pointing to a single statement by the district court at sentencing: "The Court believes that the Federal Sentencing Guidelines take into consideration the factors of Title 18, United States Code, Section 3553(a)." Sentencing Tr. at 13. Bethea contends that the statement (1) is erroneous and (2) indicates that the district court accorded an unwarranted presumption of reasonableness to the Sentencing Guidelines. We disagree.

The statement is not erroneous. As this court recently observed, the Sentencing Guidelines are, in fact, "the only integration of the multiple factors" specified in § 3553(a). *United States v. Rattoballi,* 452 F.3d 127, 133 (2d Cir.2006) (internal quotation marks omitted).

Further, the district court's overall statements at sentence demonstrate that it accorded no unwarranted presumption of reasonableness to the Guidelines but considered the § 3553(a) factors for itself in settling on a 262–month sentence. *See United States v. Fernandez,* 443 F.3d at 33 (noting that, even if single statement, "standing alone, might be interpreted as a

misapprehension that a Guidelines sentence should presumptively be imposed," that will not overcome clear indication in record that district court was "aware of its authority to impose a non-Guidelines sentence and its duty to consider ... all the other § 3553(a) factors"). Following the remark quoted by Bethea, the district court expressly stated that "a sentence of 262 months *is consistent with § 3553(a),* which directs the Court to consider the nature of the offense and the characteristics of the defendant and to craft a sentence that will further the purposes of respect for the law, deterrence of criminal conduct, educational and other correctional treatments." Sentencing Tr. at 13 (emphasis added). We require nothing more to demonstrate a sentencing court's consideration of the § 3553(a) factors. *See United States v. Fernandez,* 443 F.3d at 30 ("[N]o robotic incantations are required to prove the fact of consideration," and reviewing court will not conclude that a district judge shirked § 3553(a) duty of consideration "simply because she did not discuss each [factor] individually."); *see also United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005); *United States v. Crosby,* 397 F.3d at 113.

Accordingly, we reject as without merit Bethea's claim that the district court committed procedural error in its consideration of the § 3553(a) factors.

   b. *Sentencing Disparity*

■ Bethea asserts an "unwarranted" disparity between his sentence and those received by co-conspirators. 18 U.S.C. § 3553(a)(6). Assuming *arguendo* that § 3553(a)(6) references sentencing disparities within a single case, *see United States v. Fernandez,* 443 F.3d at 31 n. 9, its application would necessarily be limited to "similarly situated" codefendants, *id.* at 31–32 (quoting 18 U.S.C. § 3553(a)(6)).

That is not this case. No codefendant had a criminal history comparable to Bethea's, which included eleven separate convictions for a variety of crimes, including "acts of violence, weapons possession and narcotics felonies." Sentencing Tr. at 13. *See United States v. Vasquez*, 433 F.3d 666, 671 (8th Cir.2006) (rejecting "unwarranted" disparity challenge where defendant had "greater criminal history" than co-defendant). Thus, Bethea fails to demonstrate that "unwarranted" disparity renders his sentence procedurally unreasonable.

2. *Substantive Reasonableness*

   ■ Bethea contends that his sentence is substantively unreasonable "because it is excessive and greater than necessary to achieve the sentencing goals," especially the need for "rehabilitation." Appellant's Br. at 7. Because "'reasonableness' is inherently a concept of flexible meaning," *United States v. Crosby*, 397 F.3d at 115, district courts necessarily enjoy broad discretion in imposing sentences within a statutory range. "Although the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d at 100. This is not such a rare case.

   Bethea's sentence represented the bottom of the applicable Guidelines sentencing range determined by reference to an offense level of 34 and a criminal history category of VI. Contrary to Bethea's assertions, the district judge explicitly considered the issue of rehabilitation. *See* Sentencing Tr. at 13 (recognizing that § 3553(a) requires the sentencing court to consider "educational and other correctional treatments"). Noting Bethea's eleven prior convictions, the district judge specifically concluded that Bethea's prospects for rehabilitation after a twelfth conviction were dim. *See id.* (observing that Be-

thea's "previous periods of incarceration have not deterred him, [and t]he Court has no reason to believe that a nonguidelines' sentence would deter him now"). On this record, we cannot conclude that the sentence imposed was substantively unreasonable.

The district court's judgment of March 24, 2006, is hereby AFFIRMED.