# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2003

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Eastern District of Arkansas.
Errol Lamar Scott,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　Appellant.　　　　　*

_____

Submitted: March 27, 2007
Filed: April 2, 2007

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Errol Lamar Scott challenges the 120-month sentence imposed by the district court[1] following his guilty plea to the offenses of aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1). Scott argues that the district court erred in failing to grant a departure pursuant to U.S.S.G. § 4A1.3(b), and that his sentence is unreasonable. We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Having carefully studied the record, we conclude Scott's claim that the district court erroneously failed to depart is unreviewable on appeal. See United States v. Andreano, 417 F.3d 967, 970 (8th Cir. 2005) (discretionary decision not to grant departure pursuant to § 4A1.3(b) is not reviewable unless record shows court failed to recognize authority to depart). The court recognized its authority to depart, but simply did not believe a departure was warranted in this case. We further conclude that Scott's 120-month sentence, which is at the low end of his advisory Guidelines range, is not unreasonable.

Because the appellant is represented by appointed counsel, we decline to address the issues attempted to be raised by the appellant in his pro se supplemental brief. See United States v. Maynie, 257 F.3d 908, 921 n.7 (8th Cir. 2001), cert. denied, 535 U.S. 944 (2002).

Accordingly, we affirm the judgment of the district court.

_____