# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2394

_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas DeCarlos Tensley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 13, 2017
Filed: March 31, 2017
[Unpublished]

_____

Before COLLOTON, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

After Nicholas DeCarlos Tensley pled guilty to production of child pornography, a violation of 18 U.S.C. § 2251(a), the district court[1] sentenced him to

---

[1] The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

300 months' imprisonment. Tensley challenges his sentence on procedural and substantive grounds. We affirm.

Tensley was charged with one count of production of child pornography and one count of distribution of child pornography. *See* 18 U.S.C. §§ 2251(a) and 2252(a)(2). Tensley pled guilty to production of child pornography, and in exchange, the Government agreed to move to dismiss the distribution count. The Pre-Sentence Investigation Report determined Tensley had a total offense level of 38 and indicated that Tensley had three prior misdemeanor convictions for marijuana possession, resulting in a criminal history category of II.

At the sentencing hearing, the district court granted an additional one-point reduction for acceptance of responsibility, and Tensley's new total offense level of 37, coupled with a criminal history category of II, yielded an advisory sentencing guidelines range of 235 to 293 months' imprisonment. Defense counsel argued that a downward departure under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.3 was warranted because Tensley's criminal history category over-represented the seriousness of his prior convictions for marijuana possession. *See* U.S.S.G. § 4A1.3 cmt. n.3 ("A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period."). The district court recognized its authority to grant a departure but chose not to do so, thereby maintaining the 235 to 293-month range. It stated that while U.S.S.G. § 4A1.3 applied to this case, Tensley's behavior justified the higher sentencing range.

Following this discussion, the district court heard arguments on the 18 U.S.C. § 3553(a) factors. Tensley pointed to his service in the United States Army and the National Guard and expressed remorse for his actions. Tensley's girlfriend reported that she supported him, and a recent employer described him as a good worker. The

Government explained Tensley's conduct, which included sending two images of child pornography to an undercover police officer. One of those images depicted Tensley digitally penetrating a four-year-old girl in the parking lot of a grocery store, and he admitted to taking the photograph while his son was in the back seat. The district court noted that "Mr. Tensley has lived a somewhat honorable life, but at some point, he went down this path." The court concluded that Tensley was "essentially raping a little girl" because "[w]hether [he's] doing it with [his] finger or . . . with [his] penis or however [he's] doing it, to stick [his] finger in a little girl is rape." As a result, the court varied upwards and sentenced Tensley to 300 months' imprisonment. Tensley objected to the sentence, and he now appeals.

"In reviewing a defendant's sentence, we first ensure that the district court did not commit significant procedural error . . . then, absent significant procedural error, we review the sentence for substantive reasonableness." *United States v. San-Miguel*, 634 F.3d 471, 473 (8th Cir. 2011) (quotation omitted). "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted). A sentence's substantive reasonableness is reviewed for an abuse of discretion, and "[a] district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* Tensley raises both procedural and substantive challenges to his sentence.

First, Tensley argues that the district court committed procedural error when it failed to grant a downward departure after acknowledging that U.S.S.G. § 4A1.3 applied. Generally, "we review the district court's factual findings for clear error and

its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). However, "[t]he discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart." *United States v. Andreano*, 417 F.3d 967, 970 (8th Cir. 2005); *see also United States v. Vasquez*, 433 F.3d 666, 670 (8th Cir. 2006) ("[W]e cannot review whether the district court erred in declining to exercise its discretion to depart downward for overstated criminal history."). On numerous occasions at the sentencing hearing, the district court recognized its authority to depart downward under § 4A1.3 but declined to do so. As a result, we cannot review the district court's discretionary decision not to depart under § 4A1.3.

Second, Tensley contends that his sentence is substantively unreasonable because the district court failed to consider his history and characteristics and over-emphasized his offense conduct. We "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Feemster*, 572 F.3d at 461-62 (quotation omitted). From this record, we conclude the district court expressly considered Tensley's history and characteristics and did not clearly err in weighing the § 3553(a) factors. *See id.* at 464. The district court acknowledged "Tensley . . . lived a somewhat honorable life." *See* 18 U.S.C. § 3553(a)(1). At the same time, after determining the sentencing options available, *see id.* at § 3553(a)(3)-(4), the court found that the seriousness of Tensley's conduct—"essentially raping a little girl"—warranted a relatively minor upward variance, *see id.* at § 3553(a)(2)(A)-(B). As a result, we hold the district court appropriately considered and weighed the § 3553(a) factors and did not abuse its discretion in varying upward to a 300-month sentence.

For the foregoing reasons, we affirm Tensley's sentence.

_____