# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3642

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Felipe Lothridge, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2003

Filed: June 11, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Felipe Lothridge was convicted of possession with intent to distribute crack cocaine. Previously, we remanded his appeal to the District Court[1] with instructions to undertake de novo review of the objected-to magistrate judge findings as required by 28 U.S.C. § 636(b)(1) (2000). See United States v. Lothridge, 324 F.3d 599 (8th Cir. 2003). We retained jurisdiction over the appeal. On remand, the District Court performed the required de novo review, made findings of fact and reached

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

conclusions of law, and again denied Lothridge's motion to suppress evidence. We affirm.

We review a district court's findings of fact for clear error and its conclusions of law regarding its denial of a motion to suppress de novo. United States v. Booker, 269 F.3d 930, 931 (8th Cir. 2001), cert. denied 123 S. Ct. 936 (2003). Lothridge urges that the drugs seized during the traffic stop should have been suppressed because he did actually stop at the stop sign and, therefore, the police did not have probable cause to stop him. See Whren v. United States, 517 U.S. 806, 810 (1996) (noting that the "decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred"). We see no clear error in the District Court's finding that Officer Crews was more credible than Lothridge, who admitted at his suppression hearing that he was unfamiliar with the area where the traffic violation occurred. Suppression Hr'g Tr. at 25. After a de novo review of the District Court's conclusions of law—based on findings of fact that are not clearly erroneous—we affirm the denial of the suppression motion.

Lothridge also urges that the District Court erred when it admitted evidence of his prior bad acts. Specifically, Lothridge maintains that the admission of his prior narcotics offenses was unfairly prejudicial. See United States v. Tomberlin, 130 F.3d 1318, 1320 (8th Cir. 1994) (noting abuse-of-discretion standard of review). We disagree. The prior convictions were admissible under Rule 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b). Moreover, the District Court properly instructed the jurors that in this case the evidence could only be used "to decide whether the defendant knew that he had possession of cocaine base and whether he intended to distribute cocaine base." Trial Tr. at 170-71. The limiting instruction cured whatever unfair prejudice the introduction of Lothridge's prior convictions occasioned. See United States v. Franklin, 250 F.3d 653, 659 (8th Cir.) ("the presence of a limiting instruction diminishes the danger of any unfair prejudice arising from admission of

other acts"), cert. denied, 534 U.S. 1009 (2001). In any event, any error regarding the admission of the prior convictions was harmless. See Chapman v. California, 386 U.S. 18, 24 (1967). At trial, Lothridge was a glib and obliging witness and admitted at least seven times that he possessed the drugs in question and that, in fact, he had sold drugs to other people. Trial Tr. at 179-91. The District Court did not abuse its discretion when it admitted Lothridge's prior convictions into evidence.

Lothridge's final claim is that the crack cocaine that the police recovered when he was arrested should not have been admitted into evidence because of "obvious tampering." Appellant Br. at 4. Although Lothridge questioned the Missouri state criminologist extensively on this issue, he never objected to the admission of the drugs into evidence; therefore, we review the issue only for plain error. United States v. Green, 151 F.3d 1111, 1114 (8th Cir. 1998); Fed. R. Crim. Proc. 52(b). Lothridge bases his tampering charge on the fact that on the three occasions on which the crack cocaine was weighed in preparation for trial, it was analyzed to contain 41.16, 35.86, and 36.00 grams, respectively. We have noted that in order for evidence to be admissible, a chain of custody must exist that shows a reasonable probability that the evidence has not been changed or altered. United States v. Cannon, 88 F.3d 1495, 1503 (8th Cir. 1996). Here, we are satisfied that such a chain of custody exists and that the government adequately accounted for the differences in weight. Moreover, Lothridge never denied that the substance he possessed was crack cocaine or that the crack cocaine offered into evidence was the same as that seized; in fact, he freely admitted as much in court. Nor is it the case that the potentially differing weights of the drugs could affect Lothridge's sentence. Rather, Lothridge's base-offense level of thirty reflects the fact that he possessed between thirty-five and fifty grams of cocaine base. See U.S.S.G. §§ 2D1.1(a)(3), 2D1.1(c)(5) (2002). We are thoroughly satisfied the District Court did not commit plain error when it exercised its discretion by admitting the crack cocaine into evidence.

For the foregoing reasons, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.