# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3931

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Dwight Rhodes, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 28, 2005
Filed: November 3, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Dwight Rhodes challenges the district court's[1] judgment and sentence, entered after a jury found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). For reversal, Mr. Rhodes argues (1) the district court erred in admitting his prior convictions into evidence under Federal Rule of Evidence 404(b); and (2) his sentence – imposed under a mandatory Guidelines system – violates the Sixth Amendment. We affirm.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Any error in the admission of Mr. Rhodes's past convictions was rendered harmless by the district court's limiting instruction. See Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985) (except in extraordinary circumstances, court assumes jurors follow instructions); United States v. Lothridge, 332 F.3d 502, 504 (8th Cir. 2003) (limiting instruction cured any unfair prejudice caused by introduction of prior convictions under Rule 404(b)). Similarly, any error in treating the Guidelines as mandatory was also harmless, because the district court indicated that it would have imposed the same sentence even if the Guidelines were not mandatory, see United States v. Thompson, 403 F.3d 533, 536 (8th Cir. 2005), and it sentenced Mr. Rhodes near the top of the applicable Guidelines range, see United States v. Perez-Ramirez, 415 F.3d 876, 878 (8th Cir. 2005) (finding error harmless where district court "left unused some of its discretion to sentence [defendant] to a more favorable sentence under the mandatory, pre-Booker guidelines").

Accordingly, we affirm.

_____