# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3252

_____

United States of America,                    *
                                             *
                 Appellee,                    *
                                             *    Appeal from the United States
        v.                                    *    District Court for the
                                             *    Northern District of Iowa.
Rex Bernard Breitbach,                        *        [UNPUBLISHED]
                                             *
                 Appellant.                   *

_____

Submitted: February 16, 2006
Filed: May 10, 2006

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rex Bernard Breitbach was convicted of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; possession of pseudoephedrine for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 841(c)(2); and being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§

922(g)(3) and 924(a)(2). On appeal, Breitbach argues that the district court[1] erred in admitting certain evidence under Federal Rule of Evidence 404(b). We affirm.

We review the admissibility of evidence under Rule 404(b) for abuse of discretion. United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006). The district court has broad discretion to admit such evidence, and we will reverse only when "such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." Id. (internal quotations omitted). Rule 404(b) provides that evidence of prior crimes or acts is inadmissible to prove action in conformity therewith, but may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence of prior bad acts is admissible when it is relevant to a material issue, similar in kind and close in time to the charged crime, and proven by a preponderance of the evidence. Voegtlin, 437 F.3d at 745. The potential prejudice must not substantially outweigh the probative value of the bad acts evidence. Id.

The district court did not abuse its discretion in admitting evidence of Breitbach's Illinois guilty plea conviction for the unlawful manufacturing of a controlled substance. At trial, Breitbach's defense was that he was not manufacturing methamphetamine. This general denial placed his state of mind at issue, and the offense required the government to prove that Breitbach knowingly or intentionally manufactured a controlled substance. See 21 U.S.C. § 841(a)(1). Accordingly, the government presented evidence that, one month after the discovery of his methamphetamine lab in Iowa, Breitbach was arrested and thereafter convicted in Illinois for the unlawful manufacturing of a controlled substance. This evidence was admissible to show Breitbach's intent or knowledge. Further, we disagree with Breitbach's assertion that his guilty plea conviction is insufficient to prove that he

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

committed the Illinois offense.  By pleading guilty, Breitbach admitted to the factual allegations made in the formal charging document.  See United States v. White, 408 F.3d 399, 402 (8th Cir. 2005); O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988)(per curiam).  His guilty plea, then, was sufficient to support a finding that Breitbach committed the bad act.

Finally, the potential unfair prejudice of Breitbach's Illinois conviction did not substantially outweigh its probative value.  The evidence was probative of Breitbach's knowledge and intent, and the district court instructed the jurors that in this case the evidence could only be used "on the issue of defendant's knowledge, motive, and intent." Jury Instruction 8.  This limiting instruction cured whatever unfair prejudice the introduction of Breitbach's Illinois conviction may have occasioned.  See United States v. Lothridge, 332 F.3d 502, 504 (8th Cir. 2003).

The district court's judgment is affirmed.

_____