# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  06-2360

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Northern |
| | *   District of Iowa |
| Jay Todd Hessman, | * |
| | * |
| Appellant. | * |

_____

Submitted: February 14, 2007
Filed: July 20, 2007

_____

Before RILEY, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jay Todd Hessman was convicted at a jury trial of conspiracy to manufacture and distribute five grams or more of methamphetamine after having been previously convicted of a felony drug offense.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. He was sentenced to 360 months of imprisonment.  On appeal, Hessman asserts that the district court[1] erred in:  denying his motion to dismiss based upon the Speedy Trial Act, 18 U.S.C. § 3161; its handling of government hearsay testimony; admitting evidence of prior convictions; refusing a jury instruction offered by Hessman; failing

_____

[1]The Honorable  Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

to grant a downward departure at sentencing; and applying an enhancement for prior drug convictions. We affirm.

## I.

The indictment in this case was filed on October 24, 2002, Hessman was arraigned on November 15, 2002, and trial was scheduled for January 6, 2003. After several motions to continue were granted, trial was scheduled for March 24, 2003, however on March 3, 2003, Hessman filed a motion to suppress evidence seized from his residence pursuant to a search warrant, and the trial was again continued. The district court granted the motion to suppress, and on May 9, 2003, the district court granted the motion of the United States to continue the trial to allow it to pursue an interlocutory appeal. On June 1, 2004, this court reversed the district court and found that the evidence was not subject to suppression. See United States v. Hessman, 369 F.3d 1016 (8th Cir. 2004). The certified judgment from this court was received and docketed by the district court on August 16, 2004. On September 8, 2004, Hessman moved to continue the trial to allow him to petition the Supreme Court of the United States for writ of certiorari with respect to this court's decision on the suppression issue. The district court granted the motion for continuance and excluded the period of September 8, 2004, to the date of trial for Speedy Trial purposes. The order also instructed the parties to "notify the court when a ruling was issued on Hessman's petition for certiorari."

On January 10, 2005, the Supreme Court denied the petition for writ of certiorari and so notified the clerk of this court. Hessman v. United States, 543 U.S. 1072 (2005); see Sup. Ct. R. 16(3) ("Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed."). On January 20, 2005, the clerk of this court mailed to the district court a memorandum and a copy of the Supreme Court order. However, the district court

never received this communication nor did counsel for the United States or Hessman advise the district court of the Supreme Court's action.

On March 11, 2005, the counsel for Hessman filed a motion in the district court seeking leave to withdraw. The filing of this motion apparently prompted the district court to investigate the status of Hessman's certiorari petition, and the court discovered that the petition had been denied two months earlier. On March 14, 2005, the district court entered an order granting the motion of Hessman's attorney for leave to withdraw, setting trial to begin on May 16, 2005, and finding that the time from September 8, 2004, until May 16, 2005 was excluded for Speedy Trial purposes. The trial was subsequently continued and began on November 10, 2005. It is undisputed that the time period from March 14, 2005, to the date of trial, is excluded for Speedy Trial purposes.

On May 13, 2005, Hessman filed a motion alleging that the Speedy Trial Act had been violated and that the excludable time period related to his Supreme Court petition ended on January 11, 2005. By order entered on June 16, 2005, the district court denied the motion to dismiss finding that time period from January 11, 2005, to March 11, 2005, the date the court learned of the action of the Supreme Court, is excludable as "delay resulting from any interlocutory appeal." See 18 U.S.C. § 3161(h)(1)(E). The district court further found that the parties had a court-ordered duty to advise the district court of any action by the Supreme Court and that both parties had failed to do so. On November 7, 2005, Hessman proceeded to trial and was convicted on November 10, 2005.

## II.

With respect to the appeal of Speedy Trial issues, we review the district court's findings of fact for clear error and its legal conclusions de novo. United States v. Titlbach, 339 F.3d 692, 698 (8th Cir. 2003) (quotation marks and citations omitted).

Under the Speedy Trial Act, a defendant's trial must commence within 70 days of the latter of the filing of the indictment or the defendant's arraignment. 18 U.S.C. § 3161(c)(1); United States v. McKay, 431 F.3d 1085, 1091 (8th Cir. 2005), cert. denied, 126 S.Ct. 2345 and 127 S.Ct. 46 (2006). Delays occasioned by continuances granted on motion of the defendant are excluded from the 70 day period. 18 U.S.C. § 3161(h)(8). Where the rights of a defendant under the Speedy Trial Act are violated, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). However, "the burden is on the defendant to show his right to a speedy trial has been violated." United States v. Cordova, 157 F.3d. 587, 599 (8th Cir. 1998).

In this case, 24 days of the 70 day Speedy Trial period elapsed from the date of Hessman's arraignment to December 9, 2002, the date of the filing of Hessman's first motion to continue trial. Another 23 days elapsed from August 16, 2004, the date the district court received the certified judgment from this court with respect to the interlocutory appeal until September 8, 2004, the date on which Hessman filed a motion for continuance in order to allow him to seek certiorari on the suppression issue. Therefore, a total of 47 days elapsed, with 23 days remaining of the 70 day Speedy Trial time limit. The parties agree that Speedy Trial tolling resumed on September 8, 2004.

Hessman asserts that Speedy Trial Act tolling ended on January 10, 2005 when the Supreme Court denied certiorari. If so, the Speedy Trial time period expired on February 2, 2005. The United States argues that tolling continued until March 11, 2005, thus, no Speedy Trial Act violation occurred.

Although the district court found excludable the time period which began on September 8, 2004, as delay occasioned by an interlocutory appeal, see 18 U.S.C. § 3161(h)(1)(E), and the parties have characterized the delay in this same fashion, the time period in question is more accurately described as "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant

or his counsel." 18 U.S.C. § 3161(h)(8)(A); United States v. Leone, 823 F.2d 246, 248 n. 2 (8th Cir. 1987) (Speedy Trial Act excludes periods of delay resulting from a continuance granted at the request of the defendant).[2]

On August 4, 2004, we denied Hessman's petition for rehearing with respect to our judgment reversing the district court's grant of Hessman's motion to suppress. While Hessman could have moved for a stay of the mandate pending his filing of a petition for writ of certiorari in the Supreme Court, he elected not to do so. See Fed. R. App. P. 41(d)(2) (a party may move to stay the mandate pending the filing of petition for certiorari in the Supreme Court; absent good cause, the stay may not exceed 90 days unless the party who obtained the stay files a petition for the writ and so notifies the clerk of the court of appeals; the mandate must issue immediately when a copy of a Supreme Court order denying the petition for writ of certiorari is filed); Sup. Ct. R. 13 (a petition for writ of certiorari seeking review of a judgment of a United States court of appeals is timely when filed within 90 days from the date of denial of rehearing). Thus, upon the receipt of our certified judgment on August 16, 2004, the district court was again vested with jurisdiction and could proceed. United States v. Arrelano-Garcia, 471 F.3d 897, 900 (8th Cir. 2006) (the district court is without jurisdiction to act until the mandate is received from the court of appeals); see also United States v. Scalf, 760 F.2d 1057, 1059 (10th Cir. 1985) (an application to seek certiorari has no effect on the finality of an appellate decision unless the mandate of the court is stayed or withdrawn).

Having failed to request a stay of the mandate, Hessman filed for an open-ended continuance from the district court so his prosecution would be stayed while he sought

---

[2]That the delay in question is more accurately characterized as occasioned by a continuance granted at the request of the defendant is exemplified by the fact that although Hessman obtained the continuance on September 9, 2004, he did not file his petition for writ of certiorari in the Supreme Court until November 19, 2004, over two months later. Hessman has not explained the reason for this delay.

certiorari. This motion was granted and both parties were ordered to notify the district court when a ruling was made on the petition. There is no rule requiring the Clerk of the Supreme Court to officially notify the district court of the action of the Supreme Court with respect to a petition for certiorari to review a decision of the court of appeals. However, Supreme Court Rule 16(3) does require the Supreme Court Clerk to notify counsel "forthwith" of the Supreme Court's grant or denial of certiorari, therefore the district court was justified in ordering Hessman and the United States to notify the court when a ruling was issued on the petition.[3] This order was entirely appropriate under the circumstances and was not objected to by Hessman. While "[a] defendant has no duty to bring himself to trial," Barker v. Wingo, 407 U.S. 514, 527 (1972), we find that the requirements of the order of continuance which was granted at Hessman's request were appropriate. See United States v. Twitty, 107 F.3d 1482, 1489 (11th Cir. 1997) (in speedy trial context, finding significant that defendant did not object to terms of order of continuance).

The record does not explain why the district court did not receive the courtesy notice from the clerk of our court advising of the Supreme Court's action. Whatever the explanation, that the communication was not received is of no import in view of the fact that neither the Supreme Court nor this court was required to advise the district court of the disposition of the petition for writ of certiorari. Since neither the United States nor Hessman notified the district court of the disposition of the petition as ordered by the district court, we agree that the excludable delay occasioned by the continuance granted at Hessman's request did not end until March 11, 2005, when the district court learned of the denial of the petition "by mere happenstance." Since another excludable period began on March 14, 2005, and continued until trial, no Speedy Trial Act violation occurred.

---

[3]This court routinely mails copies of letters from the Supreme Court advising of the denial of a petition for a writ of certiorari to the district court solely as a matter of courtesy. Such was the case with the January 20, 2005 memorandum from the clerk of this court to the clerk of the United States District Court for the Northern District of Iowa.

III.

Hessman also asserts trial error. We review evidentiary rulings for an abuse of discretion. United States v. Durham, 470 F.3d 727, 731 (8th Cir. 2006). At trial, the United States presented the testimony of two witnesses, Jamie Carlson and Travis Kicklighter, relating out of court statements by others, to which Hessman objected as inadmissible hearsay. Specifically, Carlson testified that Kicklighter told him that he cooked methamphetamine with Hessman and that Kicklighter and Hessman used methamphetamine together, and Kicklighter testified that Hessman told him that Hessman had stabbed himself in the leg in a Fort Dodge, Iowa, hotel room. In countering Hessman's hearsay objections, the United States argued that these out-of-court statements were not hearsay but were statements against Hessman made by co-conspirators "during the course and in the furtherance of the conspiracy." See Fed. R. Evid. 801(d)(2)(E).

The district court conditionally allowed the statements, following the procedure outlined in United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978) (the district court may conditionally allow testimony as to the statement of an alleged co-conspirator subject to later proof, by a preponderance of independent evidence, that the declarant was a co-conspirator). After the testimony was conditionally presented, the district court found both statements to be inadmissible as not in furtherance of the conspiracy. The district court overruled Hessman's motion for mistrial and, continuing to follow the Bell procedure, instructed the jury to disregard the testimony in question. See id. (where the court determines that the government has failed to carry its burden of proving by a preponderance of the evidence that the statement was made by a coconspirator in furtherance of the conspiracy, the court will give a cautionary instruction to the jury to disregard the statement where such an instruction will suffice to cure any prejudice).

On appeal, Hessman does not argue that the procedure approved in Bell was not followed by the district court nor does he identify any other alleged error in the district court's handling of this testimony. Instead, he asks that the en banc court overrule Bell. However, as Hessman implicitly concedes, this panel remains bound by Bell. See United States v. Lippman, 369 F.3d 1039, 1044 (8th Cir. 2004) (a panel of the circuit court may not overrule circuit precedent); United States v. Wilson, 315 F.3d 972, 973-74 (8th Cir. 2003) (only the court en banc can overrule circuit precedent). To the extent Hessman asks that this case be heard en banc and that the en banc court overrule Bell, we find that Hessman has failed to request hearing en banc in the manner and in the time required by the Federal Rules of Appellate Procedure and the rules of this court. See Fed. R. App. P. 35(b), (c) (a party may petition for a hearing en banc no later than the date when the appellee's brief is due); 8th Cir. R. 35A (a party seeking an en banc proceeding must file 21 copies of a petition for hearing en banc).

Hessman also asserts that the district court committed error in admitting evidence of three prior drug-related convictions. Prior to trial, via motion in limine, Hessman asked that the United States be prohibited from referring to, or offering into evidence, any prior conviction of the defendant. At trial, over Hessman's objection, the district court admitted evidence as to three prior state court drug convictions. Specifically, the district court ruled that evidence as to Hessman's convictions on March 30, 2000, for possession of methamphetamine, and on March 24, 1997, for possession of marijuana with the intent to deliver and manufacturing a controlled substance, were admissible pursuant to Federal Rule of Evidence 404(b).

> Rule 404(b) provides that evidence of a prior bad act such as a conviction may not be offered solely to prove the defendant's criminal propensity but is admissible if it is relevant to a material issue, such as intent, and if it is established by a preponderance of the evidence, more probative than prejudicial, and similar in kind and close in time to the charged offense. The requirement to balance probative value and prejudice is found in Rule 403 . . . [W]e construe Rule 404(b) as a rule

of inclusion and have frequently upheld the admission of prior drug convictions in cases where the defendant denied committing the charged drug offense.

United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006) (internal citations omitted).

Evidence of Hessman's March 2000 and two 1997 drug convictions was relevant to the issue of Hessman's knowledge and intent, both elements of the charged offense.  United States v Adams, 401 F.3d 886, 894 (8th Cir.) (prior convictions for possessing and distributing drugs are relevant under Rule 404(b) to show knowledge and intent to commit a charge of conspiracy to distribute drugs) cert. denied, 126 S.Ct. 492 (2005).  The convictions are also similar in kind and close in time to the charged conspiracy to manufacture methamphetamine from March through May 2000, for which Hessman was tried.  See id. (four-year interval found to be "well within the bounds of admission") (quoting United States v. Frazier, 280 F.3d 835, 847 (8th Cir. 2002)). Further, the district court instructed the jury that the evidence of Hessman's prior convictions should be considered only with respect to the issues of knowledge and intent, thus minimizing the danger of unfair prejudice.  United States v. Edelmann, 458 F.3d 791, 810 (8th Cir. 2006) (limiting instruction found to cure whatever unfair prejudice defendant may have suffered by admission of Rule 404(b) evidence); United States v. Lothridge, 332 F.3d 502, 504 (8th Cir. 2003) (limiting instruction that evidence of prior convictions could only be used to decide whether defendant had requisite knowledge and intent diminished danger of unfair prejudice arising from admission of such evidence).

Hessman also asserts that the district court erred in refusing to give his proposed instruction on reasonable doubt.  Hessman's proposed instruction, in addition to containing the language contained in the Eighth Circuit's Model Criminal Jury Instruction § 3.11 (2000), included the following language taken from Iowa criminal jury instructions:

But, if, after a full and fair consideration of all the evidence or lack of evidence produced by the State you are not firmly convinced of the

defendant's guilt, then you have a reasonable doubt and you should find
the defendant not guilty.

Iowa Crim. Jury Instructions, Instruction 110.10 (Iowa Bar Assoc. 2004).

The court refused to give Hessman's requested instruction and instead gave the model instruction. Because the instruction given by the district court has been specifically upheld by this court, we summarily reject Hessman's argument. United States v. Mallen, 843 F.2d 1096, 1101-02 (8th Cir. 1988); United States v. Risken, 788 F.2d 1361, 1371 (8th Cir. 1986) (instruction consistent with Eighth Circuit Model Criminal Jury Instruction § 3.11 upheld).

IV.

Hessman also asserts sentencing error. "The correct application of the guidelines is a question of law subject to de novo review, while a factual determination of the sentencing court is reviewed under a clearly erroneous standard." United States v. Tirado, 313 F.3d 437, 440 (8th Cir. 2002) (citation omitted).

Hessman argues that the district court erred in declining to afford him downward departures based upon his exceptional family circumstances, acceptance of responsibility, and his rehabilitation since the date of the offense. "The discretionary denial of a motion for downward departure is unreviewable unless the [district] court failed to recognize its authority to depart." United States v. Vasquez, 433 F.3d 666, 670 (8th Cir. 2006) cert. denied, ____ S.Ct.____, 2007 WL 1854154 (June 29, 2007) (quoting United States v. Andreano, 417 F.3d 967, 970 (8th Cir. 2005) cert. denied, 126 S.Ct. 1118 (2006),. Hessman does not allege that the district court did not recognize its authority to depart, and our review of the record reveals that the court indeed recognized that it possessed such authority but declined to exercise it. Accordingly, the district court's refusal to depart downward is unreviewable.

Hessman also asserts that the district court erred in sentencing him based upon a drug quantity determined by the court by applying a preponderance of the evidence standard, rather than following the jury's finding as to drug quantity, which was based upon a reasonable doubt determination.

As part of its verdict, the jury responded to a written question posed by the court by finding that 5 grams or more but less than 50 grams of actual (pure) methamphetamine was involved in the conspiracy. At sentencing, the district court determined that the United States had proven by a preponderance of the evidence that the defendant was accountable for 9.8 grams of actual methamphetamine and 480.69 grams of methamphetamine mixture as reflected in the presentence report. This yielded a base offense level of 32. United States Sentencing Commission, Guidelines Manual, § 2D1.1(a)(3)(c)(4) (Nov. 1998).

In sentencing Hessman, the district court properly acknowledged that the government had the burden of proving drug quantity by a preponderance of the evidence. United States v. Marshall, 411 F.3d 891, 894 (8th Cir. 2005) ("The government bears the burden of proving drug quantity by a preponderance of the evidence."); United States v. Mickelson, 378 F.3d 810, 821 (8th Cir. 2004) (sentencing court is required to find drug quantity by a preponderance of the evidence). Further, "[t]he district court can impose a sentence based on a higher drug quantity determination than the jury's finding so long as the sentence does not exceed the statutory maximum of the convicted offense." United States v. Johnston, 353 F.3d 617, 625 (8th Cir. 2003) (per curiam). Based upon the jury's finding that 5 to 50 grams of methamphetamine were involved in the conspiracy, coupled with Hessman's prior drug conviction, the statutory sentencing range was 10 years to life imprisonment. Because the 360 month sentence, imposed by the district court, was within this statutory sentencing range, no error occurred. Id.; see also United States v. Titlbach, 300 F.3d 919, 922 (8th Cir. 2002) (sentence of 88 months, less than the statutory maximum for the crime, did not violate defendant's constitutional rights.)

Hessman further contends that the district court erred by finding that he qualified as a career offender by virtue of the two 1997 drug convictions. Hessman argues that these convictions should be considered related and should not count separately under the provisions of USSG § 4A1.2(a)(2), which states that prior sentences imposed in unrelated cases are to be counted separately, but prior sentences imposed in related cases are to be treated as one sentence.

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

USSG § 4A1.2, comment. (n. 3).

"In assessing whether the offenses were part of a single common scheme or plan, we consider (1) the time period, (2) the participants, (3) the victims, (4) the motive, (5) the modus operandi, (6) the location, (7) the offenses, (8) whether a common investigation uncovered the offenses and (9) whether the defendant jointly planned the offenses." United States v. Lynch, 477 F.3d 993, 996 (8th Cir. 2007).

Evidence presented at trial revealed that Hessman was charged with possession of marijuana with intent to deliver in Dickinson County, Iowa, on April 17, 1996, after Hessman was stopped while driving a pickup truck, which contained approximately six ounces of pre-packaged marijuana. On May 5, 1996, Hessman was charged in Emmet County, Iowa, with manufacturing a controlled substance, "black tarry" marijuana, in a residence. Although Hessman disputed the circumstances of the May 5, 1996 charge, the district court, as was its right, disbelieved his testimony. See United States v. Mugan, 441 F.3d 622, 632 (8th Cir.) (district court disbelieved witness's testimony, and this credibility determination is entitled to deference), cert. denied, 127 S.Ct. 191 (2006). These charges were prosecuted as separate cases. On

March 24, 1997, Hessman pled guilty to and was convicted of each charge. He was sentenced to separate but concurrent sentences.

The district court's finding that the two convictions are unrelated as defined by USSG § 4A1.2 is amply supported by the evidence. The offenses occurred on different dates, and Hessman was arrested for the first offense prior to committing the second. Further, the offenses occurred at different locations and in different counties. The first offense involved the possession of packaged marijuana, while the second involved "cooking" marijuana to create a derivative. The second offense involved participants that were not involved in the first. The two offenses were discovered through separate investigations by different law enforcement organizations. Finally, while the two offenses resulted in convictions which occurred on the same date, the cases were not consolidated and retained separate case numbers.

V.

For the foregoing reasons, we affirm the conviction and sentence.

_____