# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3040

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| | * | |
| Leroy Ross, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2009
Filed: July 6, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Leroy Ross pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ross appeals the district court's[1] ruling that his prior drug offenses were separate convictions triggering a mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I.

On September 20, 2007, while executing a search warrant on Ross's residence, officers from the Minneapolis Police Department found a Smith and Wesson, Model SW9VE, 9mm handgun. Police also found ammunition in his bedroom closet. A grand jury subsequently indicted Ross on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), to which Ross pled guilty on January 4, 2008. The Presentence Investigation Report ("PSR") determined that Ross was subject to the mandatory minimum sentence of 15 years imposed by 18 U.S.C. § 924(e)(1) as a result of a previous conviction for aggravated assault in Minnesota and convictions for two counts of first-degree drug trafficking in Kentucky. Ross conceded that his conviction for aggravated assault was a predicate offense for purposes of section 924(e), but objected that his convictions for drug trafficking should be counted as a single offense.

Ross's previous drug offenses stem from a conviction for two counts of first-degree drug trafficking in Kentucky in 2001.[2] The two counts were charged in the same indictment and arose out of sales of crack cocaine to the same police informant on February 8, 2001, and February 11, 2001. On February 8, 2001, a police informant conducted a controlled buy of crack cocaine from Ross at the home of a woman named Sandra Brown in Warsaw, Kentucky. The informant had arranged the transaction through a man known as "Dre." Three days later, the same informant

---

[2]First-degree drug trafficking is a Class C felony in Kentucky carrying a maximum ten-year sentence. See Ky. Rev. Stat. §§ 218A.1412(2)(a), 532.060(2)(c). Thus, a conviction for first-degree drug trafficking in Kentucky meets the definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" as "an offense under State law, involving . . . a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law").

contacted Dre to arrange another narcotics transaction. Dre directed the informant to Brown's mother's home, where the informant purchased crack cocaine from Ross as he sat in the passenger's seat of a car driven by Brown.

The district court found that the drug offenses constituted two separate convictions. As a result of these two offenses and his conviction for aggravated assault, the court found that Ross had three previous violent felony or serious drug offense convictions. Accordingly, the court determined that Ross was an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to the mandatory minimum of 180 months imprisonment.

## II.

"We review *de novo* whether a prior conviction is a predicate offense under the ACCA." United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008). Section 924(e)(1) provides that for a person unlawfully in possession of a firearm who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." Ross contends the separate drug sales constituted a single offense because they were charged in the same indictment and the drugs involved "were sold to the same person (the same [informant]), with the same participants (Mr. Ross and Dre), the same basic location (home and car of Sandra Brown), the same motive, modus operandi and during the same short time frame of three days." (Appellant's Br. 9-10.)

We have rejected this argument in virtually identical factual situations. As we stated in Van, "[w]e have repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant." 543 F.3d at 966 (holding that narcotics sales to the same informant seven days apart were separate offenses).

In addition, "[w]e repeatedly have held criminal episodes underlying convictions trigger application of the ACCA, not the date of the convictions or the number of trials or pleas resulting in those convictions." United States v. Mason, 440 F.3d 1056, 1057 (8th Cir. 2006). Thus, the fact that Ross was charged with two counts of a "serious drug offense" in the same indictment does not affect the underlying separateness of the two offenses. Second, the prior drug offenses did not occur at "the same basic location" as Ross contends—one occurred in Brown's vehicle in front of her mother's residence, and one occurred at Brown's home. Third, Ross's claim that his prior drug offenses should be treated as the same episode because they involved the same motive and modus operandi is belied by the fact that many of the offenses we have treated as distinct criminal episodes involved the same motive or modus operandi. See Van, 543 F.3d at 966; Mason, 440 F.3d at 1058; United States v. Turner, 431 F.3d 332, 337-38 (8th Cir. 2005) (holding that two robberies in different cities three days apart were separate criminal episodes); United States v. Speakman, 330 F.3d 1080, 1081-83 (8th Cir. 2003) (holding that consolidated proceeding on three drug charges arising from sales within a one-month period constituted separate convictions).[3] Thus, Ross's prior convictions for first-degree drug trafficking constitute separate convictions under the ACCA, and the district court correctly enhanced his sentence under section 924(e).

------

[3]Ross's argument with regard to motive and mode of operation stems from his passing reference to United States v. Hessman, 493 F.3d 977 (8th Cir. 2007), cert. denied, 128 S. Ct. 1100 (2008), which outlines the factors relevant to determining separate offenses for the career offender provision in United States Sentencing Guidelines, Guidelines Manual, §4B1.1. 493 F.3d at 985 (noting that same motive and modus operandi of previous offenses are relevant factors for determining whether someone is a career offender under USSG §4B1.1). However, Ross's reliance on Hessman is misplaced because the separateness of prior convictions is evaluated differently for purposes of determining USSG §4B1.1 career offender and section 924(e) armed career criminal statuses. Compare USSG §4A1.2 (outlining the factors relevant to separating prior convictions for determining career criminal status under §4B1.1), with USSG §4B1.4, comment. (n.1) (noting that §4A1.2 is not "applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)").

## III.

Accordingly, we affirm the judgment below.

———————