# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3237

_____

United States of America

*Plaintiff - Appellee*

v.

Ervin D. Abbott

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 11, 2015
Filed: July 22, 2015
[Published]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ervin Abbott appeals the district court's[1] application of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to his sentence. Abbott argues that two

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

previous convictions for drug offenses should not be counted as two predicate ACCA crimes. We affirm.

## I. *Background*

On May 15, 2013, law enforcement officers stopped Abbott's vehicle because its license plate had three active arrest warrants associated with it. Officers arrested Abbott after they confirmed that he had an active arrest warrant. After his arrest, Abbott orally consented to the search of his vehicle. Officers recovered a pistol underneath the driver's seat. Thereafter, a canine officer located 11.5 grams of marijuana hidden in the center console of the vehicle. Later that day, Abbott also consented to a custodial interview during which he admitted that he had recently bought the pistol for personal protection and placed it under the driver's seat of the car.

The government charged Abbott with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Abbott pleaded guilty to the charge without a written plea agreement.

At Abbott's sentencing hearing, the district court found that Abbott had the necessary three predicate "serious drug offense[s]" and applied the ACCA. *See* 18 U.S.C. § 924(e)(2)(A). Abbott objected, arguing that the court should count two of his prior drug offenses as one offense for ACCA purposes because they were a part of the same criminal episode. Specifically, Abbott pleaded guilty to two counts of selling a controlled substance in 2004. On June 8, 2004, Abbott sold .4 grams of cocaine base to an undercover detective for $20; the next day on June 9, Abbott sold .28 grams of cocaine base to the same undercover detective, again for $20. Nevertheless, the district court ruled that "[i]t makes no difference that they're one day apart. They're different sales on different days. The Court is going to rule that one sale is on June the 8th, 2004, and the next sale is on June 9th, 2004. Now, those are two priors." The district court relied upon our precedent in concluding that "for

purposes of applying the [ACCA], . . . they're separate sales and we're going to count them." As a result, the court found that these two predicate convictions, when added to another uncontested drug conviction, met the necessary threshold of three serious drug offenses to trigger the ACCA. The district court sentenced Abbott to the statutory minimum of 180 months' imprisonment.

## II. *Discussion*

On appeal, Abbott argues that the district court erred by counting both of his convictions for selling controlled substances on June 8 and 9, 2014, as separate ACCA predicate crimes. "'We review de novo whether a prior conviction is a predicate offense under the ACCA.'" *United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014) (quoting *United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008)). While Abbott concedes that he made cocaine sales on June 8 and 9, 2004, he argues that the facts and circumstances of the different sales are so similar that they should be considered as one offense for ACCA purposes because they constituted a single criminal episode. Specifically, Abbott highlights that the sales were made to the same undercover agent for the same amount of money; additionally, he points out that it is unclear whether the sales took place at the same or different locations.

We have "considered at least three factors as important considerations in deciding whether offenses are sufficiently separate and distinct to serve as individual predicate convictions for ACCA enhancement: (1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity." *United States v. Willoughby*, 653 F.3d 738, 742–43 (8th Cir. 2011). Nevertheless, the first factor is the most important consideration because "the ACCA seems to prioritize time lapse given that its plain language stipulates that the predicate offenses be 'committed on *occasions different from one another*.'" *Id.* at 743 (citing 18 U.S.C. § 924(e)(1)).

"Accordingly, . . . to prove that two offenses are sufficiently separate and distinct for ACCA purposes, it is *sufficient* (although, not necessary) to show that some time elapsed between the two prospective predicate offenses." *Id.* (citation omitted)). "'[W]e have repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant.'" *United States v. Ross*, 569 F.3d 821, 823 (8th Cir. 2009) (quoting *Van*, 543 F.3d at 966). In *Ross*, we held that convictions for drug sales that happened on separate days—February 8 and 11, 2001—should be treated as separate drug offenses based on their temporal separation. *Id.* at 823; *see also United States v. Gray*, 152 F.3d 816, 820–21 (8th Cir. 1998) (finding that two sales of drugs separated by one day—January 26 and 27, 1990—that took place in the same motel room should be counted as two separate drug offenses for sentencing purposes under 21 U.S.C. § 841(b)(1)(A)). Thus, we agree with the district court that Abbott's previous convictions for the June 8 and 9, 2004 drug crimes have sufficient temporal separateness to be treated as separate ACCA predicates.

Abbott relies on the holding in *Willoughby* to argue to the contrary. *Willoughby*, however, is factually distinguishable. In *Willoughby*, the defendant had been previously convicted of selling drugs to an undercover officer, then seconds later, to a confidential informant working with the officer. 653 F.3d at 740–41. Thus, we found that these sales could not be counted as separate ACCA predicates because the sales occurred "almost *simultaneously*, and thus the offenses were temporally proximate." *Id.* at 744; *see also United States v. Petty*, 828 F.2d 2, 3 (8th Cir. 1987) (per curiam) (holding that six convictions for robbery committed by simultaneously robbing six people in a restaurant could not be counted as separate offenses for ACCA purposes). In Abbott's case, there is no simultaneity as in *Willoughby* and *Petty*. Abbott's drug sales on different days have a sufficient temporal disconnect to be counted as separate ACCA predicates. We also reject Abbott's argument that two counts prosecuted under the same criminal case cannot be counted as separate ACCA predicates. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per

curiam) ("Section 924(e) does not require separate prosecutions; it is sufficient that the offenses occurred at different times." (citations omitted)).[2]

III. *Conclusion*

For the reasons stated herein, we affirm.

————————————————

[2]Abbott also argues that under the other factors in *Willoughby*—namely the physical distance between two crimes' occurrence and their lack of overall substantive continuity—his June 8 and 9, 2004 drug offenses should not be considered separate ACCA predicates. While we do consider such factors, the government need only demonstrate sufficient temporal separateness to count two crimes as separate ACCA predicates. *See Willoughby*, 653 F.3d at 743.